## Manchester Township Tax Collector.

*Public officers—Township tax collector—Appointment by Quarter Sessions —Statutes—Repeal—Acts of May 17, 1917, and July 14, 1917.*

1. The appointment of a tax collector to fill a vacancy in the office in townships of the second class rests with the Court of Quarter Sessions.

2. The Act of July 14, 1917, P. L. 840, relating to the appointment of tax collectors, is inconsistent with the Act of May 17, 1917, P. L. 221, in so far as it concerns townships of the second class and repeals the earlier acts in that respect by implication.

3. If two acts are inconsistent, the later must prevail.

Petition for appointment of tax collector. Q. S. Wayne Co., March Sess., 1922.

*M. E. Simons*, for petitioner; *Homer Greene*, for remonstrance.

SEARLE, P. J., May 8, 1922.—Two petitions have been presented to us for appointment of tax collector in Manchester Township to fill the vacancy caused by the death of Leo Harford—one asking for the appointment of Oakley S. Tyner and signed by 165 persons, the other asking for the appointment of M. E. Bolte and signed by fifty-nine persons.

A remonstrance has been filed by Lodusky B. Barnes against both of these petitions, setting forth that she was appointed on April 2, 1922, by the county commissioners to fill this vacancy, and that the appointment of tax collector rests with the county commissioners. Her petition is not before us, but we are informed by the commissioners' clerk that it has about eighty signers. At the time her appointment was made, the petition of Oakley S. Tyner was in the hands of M. E. Simons, Esq., his attorney, awaiting a session of the court, and the commissioners had no knowledge of same. The appointment is asked for as provided by the Act of July 14, 1917, § 183, P. L. 840. This act is entitled "An act concerning townships, and revising, amending and consolidating the law relating thereto." The remonstrant claims that the appointment

should be made as provided by the Act of May 17, 1917, P. L. 221, and counsel for the remonstrant claims that the said act is still in force by virtue of section 1501 of the aforesaid Act of July 14, 1917, which provides: "All other acts and parts of acts inconsistent with this act are repealed. . . . Nor shall this act repeal or modify any of the provisions of any act of assembly amendatory of the law in force at the time of the passage of this act or otherwise adopted at the session of General Assembly of 1917." Counsel for the petitioner claims the contrary.

If two acts are inconsistent, the later must prevail: Com. v. Cross Cut R. R. Co., 53 Pa. 62; Assessor of Philadelphia v. County Commissioners, 3 Brewster, 333.

There is no doubt about the two acts in question in this case being inconsistent, and also there is no doubt about the fact that a later law upon the same subject will repeal an earlier law: Com. v. Cotton, 1 Ches. Co. Reps. 1.

We observe that the first act in question applies to all townships and boroughs, while section 183 of the later act referred to applies to appointments in townships of the second class, and while the later act provides that it shall not repeal any other act adopted at the same session of the legislature, it does repeal the earlier act by implication, being totally inconsistent with it, and is the last expression of the legislative will. We take judicial notice of the fact that Manchester Township is a township of the second class. We think the later act must govern.

We were referred to two opinions, one being in the Quarter Sessions of Somerset County, decided by Judge Berkey, In re Ogle Township Tax Collector's Bond, 30 Dist. R. 141. We obtained a copy of this entire opinion. We also have the opinion of Judge McIlvaine, North Strabane Township's Tax Collector, 1 D. & C. 229. We are in accord with the conclusions in the latter case, and we quote the words of Judge McIlvaine therein contained: "The same power in these two acts is given to different bodies, and they are wholly inconsistent, and being wholly inconsistent, we think that the former act, although it is not expressly repealed by section 1501, yet it is repealed by implication, and that it was not in the power of the Legislature of 1917 to say that the courts should not find that the former act was so repealed by implication."

We are of the opinion that the appointment of tax collector to fill vacancies in townships of the second class now rests with the Court of Quarter Sessions.

Now, May 8, 1922, Oakley S. Tyner is appointed tax collector of Manchester Township, he having, as before stated, 165 signers upon his petition, and M. E. Bolte having but fifty-nine signers upon his petition.

From A. G. Rutherford, Honesdale, Pa.